**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10321 |
| Plaintiff - Appellee, | D.C. No. 5:09-cr-00431-RMW-1 |
| v. | |
| EUDORO RODRIGUEZ-CHACON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Submitted May 18, 2012[**]
San Francisco, California

Before: CLIFTON and N.R. SMITH, Circuit Judges, and SELNA, District
Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable James V. Selna, District Judge for the U.S. District
Court for Central California, sitting by designation.

Eudoro Rodriguez-Chacon ("Rodriguez") appeals his jury conviction and sentence for illegal reentry after deportation in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291 and we affirm his conviction.

1. In order to prevail on a collateral attack of an underlying deportation proceeding, Rodriguez must demonstrate: "(1) that he exhausted all administrative remedies available to him to appeal his removal order, (2) that the underlying removal proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review and (3) that the entry of the order was fundamentally unfair." *United States v. Melendez-Castro*, 671 F.3d 950, 953 (9th Cir. 2012) (alteration in original) (internal quotation marks omitted); 8 U.S.C. § 1326(d). A removal order is "'fundamentally unfair' if: '(1) a defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects.'" *United States v. Ubaldo–Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004) (alteration omitted) (quoting *United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998)).

Nothing in the underlying deportation proceedings improperly deprived Rodriguez of the opportunity for judicial review. *See Melendez-Castro*, 671 F.3d at 954 ("The Due Process Clause of the Fifth Amendment requires that an alien in immigration proceedings be 'made aware that he has a right to seek relief' so that

2

he has 'a meaningful opportunity to appeal the fact that he was not advised of that right.'" (quoting *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000)).  In the immigration proceeding, Rodriguez never suggested that he had any fear of returning to Mexico.  Therefore, the immigration judge was not aware of any relief that may have been available to Rodriguez.  *See United States v. Moriel-Luna*, 585 F.3d 1191, 1197 (9th Cir. 2009).  Further, Rodriguez's physical or behavioral characteristics did not demonstrate (and therefore did not alert the immigration judge) that Rodriguez was a member of a particular social group.

Even assuming that the immigration judge should have informed Rodriguez that he may be eligible for withholding of removal (therefore violating his due process rights), Rodriguez was not prejudiced.  *See United States v. Esparza-Ponce*, 193 F.3d 1133, 1136 (9th Cir. 1999).  The record does not support a finding that persons such as Rodriguez would constitute a particular social group.

2.     The district court recognized that it had discretion to apply a downward departure or variance on the 16-level enhancement.  *See United States v. Ayala–Nicanor*, 659 F.3d 744, 752-53 (9th Cir. 2011).  Although the district court noted that the enhancement was harsh, it also found the enhancement appropriate and did not find it necessary to reduce the sentence because of the enhancement.  Instead, it reduced the sentence based upon Rodriguez's mental condition and

3

cultural assimilation. Based upon the totality of the circumstances, Rodriguez's seventy-two month sentence (well below the applicable 100 to 125 month Guidelines range) was reasonable. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008).

**AFFIRMED.**